Catron, Ch. J.
delivered the opinion of the court.
Sandford had drawn a bill of exchange on the house of Cooper, Caruthers & Co. at New Orleans, in anticipation of his crop, being a cotton planter of Maury county, Tennessee. At maturity, the bill was not paid, and the acceptors, Cooper, Caruthers & Co. had to take it up. They now sue for money paid to Sandford’s use. Interest is charged at the rate of eight per cent, per annum, on the cash advanced, and the circuit court let in evidence to show that this was the custom of commission merchants in New Orleans; and charged the jury, that if it was proved, that the custom was to charge eight per cent, interest, to allow this item in the account, which was allowed of course. On this and other grounds, exception was-taken, and anew trial moved for, but refused.
Whether interest can be recovered by way of damages, and to what extent, depends on the local laws of Louisiana. Interest there is either legal or conventional. Legal interest is fixed at five per cent, on all sums which are the object of judicial demand; whence this is called judicial interest; and six per cent, for interest of sums discounted by banks.
The amount of conventional interest cannot exceed ten per cent; the same must be fixed in writing, and testimonial proof of it is not admitted in any case. Digest of the Civil Law, ch. 3, p. 408. These rules apply to res-titutions of moneys paid by the third person to the creditor in discharge of the debtor, the present case; and those damages are due without the creditor’s being required to prove any loss. Ib. 270. This is the general *455 law of the land, and the commission merchants of New , , . , , . . , . Orleans cannot be permitted to alter it m this case. If they be allowed to do so, every village may make a law of damages for itself. The creditors here have not proved any loss, and can only recover judicial interest, five per cent. To recover conventional interest, parol proof was inadmissible; all that, proving the custom to be to charge eight per centum per annum, on sums paid for the drawer of the bill, was illegal. For this reason, the judgment will be reversed, and' the cause remanded for another trial.
On the other points raised, we give no opinion.
Judgment reversed.